No. 301
BEARDSLEY v. SCOTT
Ohio Appeals, 7th District, Trumbull County
Decided Sept. 28, 1923
Motion of Certify the Record Overruled, 2 Abs. 211
See 2 Abs. 117

VERDICT — Where there is a sharp conflict in the evidence, it is for the jury to determine its weight and the higher court cannot say that tht verdict is against its manifest weight.

POLLOCK, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Beardsly sued Scott and others, alleging that they sold him certain sheep and warranted that they were ewes and not bred. Defendants denied that they warranted the sheep. There was a sharp conflict in the recollection of the witnesses for both parties as to this transaction. The jury returned a verdict for Scott et al. It was assigned as error that the verdict was against the weight of the evidence. In affirming the judgment the Court of Appeals held:

1. "These parties seem to be very reputable business men, yet there is a sharp conflict in the recollection of the facts, and the conflict is so sharp that it can hardly be reconciled with candid intention on the part of each to state the facts. The jury had tne weight of evidence to determine and we cannot say that the verdict is against the manifest weight of the evidence."

Attorneys—Gillmer, Gillmer, Stephens & Patchin, for Beardsley; Gillmer & Gillmer, for Scott; all of Warren.

---

No. 302
SPROUL v. GREENBERG et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4681. Decided Dec. 10, 1923

85. APPEALS — New parties can not be made in Common Pleas in case appealed from a Justice, where bill of particulars claims less than $100.

PER CURIAM.

Epitomized Opinion

Published Only in Ohio Law Abstract

Error to the Cuyahoga Common Pleas.

Suit was brought in Justice Court to recover $38 against Samuel Greenberg and Abraham Goldman, doing business as the Builders Supply and Fuel Company, and the case was appealed to the Common Pleas.

Petition was filed by Sproul as required by statute in such cases, to which an answer was filed setting up that the Builders Supply and Fuel Company was an Ohio corporation, thus raising the question of jurisdiction. Thereupon Sproul asked leave to amend by making new parties defendant, and filed an amended petition making the company a defendant. The company came into the court on motion, without entering their appearance. This resulted in the striking off of the amended petition, and the company being dismissed from the case.

To the granting of the motion error is prosecuted to the Court of Appeals, which held:

New parties defendant can not be made where a case was appealed from a Justice court, especially so when the amount claimed in the bill af particulars was less than $100, the limit of that court's original jurisdiction. The judgment of the lower court will therefore be affirmed.

Attorneys—A. W. Bell, for Sproul; Mooney, Hahn, Loeser & Keough, contra.